UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY N. FIEGER, STEPHEN HNAT;
TERRANCE BAULCH; AND FIEGER, FIEGER,
KENNEY & JOHNSON, P.C.,

      Plaintiffs,

vs.

                    CASE NO. 07-CV-12496
                    HON. LAWRENCE P. ZATKOFF

JEFFREY REES, LYNN HELLAND,
CHRISTOPHER VARNER, M. KENDALL
DAY,

      Defendants.
_____/

**OPINION AND
ORDER TO SHOW CAUSE**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 2nd day of November, 2007.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court pursuant to the Court's August 23, 2007, Order, wherein the Court "ORDER[ed] Plaintiffs to Show Cause why the case currently before this Court (Case No. 07-12496) is not a companion case to Case No. 5:07-CV-10869 and/or Case No. 2:07-CV-11078. *See* E.D. Mich. L.R. 83.11(b)(7)." Plaintiffs filed a timely response and Defendants filed a timely reply. The Court finds that the facts and legal arguments pertinent to addressing the Order to Show Cause are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the

matter be resolved on the parties' filings, without this Court entertaining oral arguments.

## II. BACKGROUND

On June 11, 2007, Plaintiffs filed the instant action, which stems from alleged wrongdoing by the Defendants in conducting an investigation of possible violations of the Federal Election Campaign Act ("Campaign Act") by the Plaintiffs. On August 1, 2007, Defendants filed a "Notice Regarding Related Matters." In that Notice, Defendants claimed that this case, four cases assigned to Judge Rosen (Misc. Case Nos. 05x71710, 05x71994, 05x74527 and 06x50057), and one case assigned to Judge O'Meara (Case No. 07-12976) "are related to each other and to *Hnat v. Helland, et al,* Case No. 5:07-CV-10869 (Rosen, J.) and *Baulch v. Helland, et al.*, Case No. 2:07-CV-11078 (Rosen, J.)."

Defendants did not specify why they believe the six cases are related or what action they wanted this Court to take, and Plaintiffs did not file a response to Defendants' Notice. Based on other cases that have been brought in the Eastern District of Michigan, however, this Court is aware that one or more of the Plaintiffs have brought a number of cases against one or more of the Defendants. The Court is also aware that each of those cases arose out of alleged improprieties by government officials (including some of the named Defendants in this case) in conducting investigations into possible Campaign Act violations by one or more of the Plaintiffs.

Based on the foregoing facts, the Court issued the aforementioned Order to Show Cause.

## III. ANALYSIS

In response to the Court's Order to Show Cause, Plaintiffs state: (1) "it appears to Plaintiffs that the issue of whether this case is a companion case to 07-10869 and 07-11078 is now moot" because Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) shortly before the Order to Show Cause was issued; (2) there is no similar evidence that would have been offered in case numbers 07-10869 and 07-11078 (the "Subject Cases") and this case; and (3) this case does not arise out of the same transaction or occurrence as the Subject Cases.

## A. Issue of Whether Action is a Companion Case is Not Moot

Plaintiffs argue that the companion case issue is moot for purposes of case reassignment. As Plaintiffs note, "the lawsuit [Case No. 07-12496] is no more," and the Court need not determine whether to reassign the case to another Judge under Rule 83.11(b)(7). Plaintiffs fail to address, however, and cannot overcome, the fact that Rule 83.11(b)(7)(B) requires a party initiating a lawsuit to notify the Court, *at the time of filing*, if the lawsuit is related to a previously filed action. Therefore, the Court must evaluates whether (1) the case is a companion to another case, and (2) a party complied with the rules of the Court, based on the pleadings at the time the case is filed. Subsequent actions, such as the dismissal of a case, do not affect the application of Rule 83.11(b)(7) or the purposes behind it (*i.e.,* to ensure that one Judge considers all related matters and to prevent parties from judge shopping). In other words, if a case is a companion case under Rule 83.11(b)(7) at the time it is filed, the case remains a companion case even if it is later dismissed. The Court therefore rejects Plaintiff's contention that it no longer matters whether this case is a companion case to any previously filed action.

## B. Similar Evidence

Plaintiffs argue that the instant case does not involve evidence similar to that in the Subject Cases. Plaintiffs do not, however, offer any support for that argument, nor do Plaintiffs attempt to explain how the evidence involved in the Subject Cases would be different than the evidence involved in this case. After reviewing the allegations in this case and the Subject Cases, the Court concludes that Plaintiffs' failure to explain how or why the evidence in the three cases is different is the sheer inability to do so (*i.e.*, it is obvious that the evidence involved in all three cases is similar). All three cases stem from the manner in which the Government (primarily through the actions of the Assistant United States Attorneys named in this case) has conducted its investigation into possible Campaign Act violations by the Plaintiffs.

The evidence in this case appears to be "limited" to actions by the Defendants with respect to Plaintiffs' bank accounts, such that Plaintiffs believe the Defendants violated the Right to Financial Privacy Act (the "Privacy Act"). In the Subject Cases, the alleged wrongdoing by Defendants involves interference with right to counsel, ethical violations and First Amendment violations, among other things, all as they relate to the Defendants' investigation into possible Campaign Act violations by one or more of the Plaintiffs. Therefore, even if Defendants' alleged wrongdoing in the instant case was limited to Privacy Act violations, the alleged wrongdoing was committed in the course of the Defendants' investigation into possible Campaign Act violations by Plaintiffs. The Court therefore concludes that the Subject Cases and the instant case involve similar evidence, *i.e.,* the Defendants' actions in conducting their Campaign Act investigation.

**C.    Same Transaction or Occurrence**

As discussed in Section B. above, the allegations in the instant case and the allegations in the Subject Cases all arise out of the Government's investigation into possible violations of the

4

Campaign Act by the Plaintiffs. As such, although the allegations in this case may involve only a small part of the broad Campaign Act investigation into Plaintiffs' activities conducted by Defendants, the allegations in this case still involve actions of the Defendants taken while conducting the Campaign Act investigation - the same Campaign Act investigation that is the transaction or occurrence involved in the Subject Cases. Accordingly, the Court concludes that this case arises out of the "transaction or occurrence" as the Subject Cases.

### IV. CONCLUSION AND ORDER TO SHOW CAUSE

For the reasons set forth above, the Court concludes: (1) the instant case (Case No. 07-12496) is a companion case to the Subject Cases (Case Nos. 07-10869 and 07-11078), and (2) Plaintiffs should have identified the Subject Cases as companion cases at the time this case was filed, as E.D. Mich. L.R. 83.11(b)(7)(B) requires.

Accordingly, the Court now ORDERS Plaintiffs to SHOW CAUSE why sanctions should not be imposed against Plaintiffs for failure to comply with E.D. Mich. L.R. 83.11(b)(7)(B) when they filed this case. The Court further ORDERS Plaintiffs to file their response to this ORDER TO SHOW CAUSE on or before November 14, 2007.

IT IS SO ORDERED.

                                                           s/Lawrence P. Zatkoff
                                                           LAWRENCE P. ZATKOFF
                                                           UNITED STATES DISTRICT JUDGE

Dated: November 2, 2007

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 2, 2007.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290