UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY N. FIEGER; STEPHEN HNAT;
TERRANCE BAULCH; and FIEGER, FIEGER,
KENNEY & JOHNSON, P.C.,

       Plaintiffs,

vs.

CASE NO. 07-CV-12496
HON. LAWRENCE P. ZATKOFF

JEFFREY REES; LYNN HELLAND;
CHRISTOPHER VARNER; and M. KENDALL
DAY,

       Defendants.
_____/

**OPINION AND ORDER and
ORDER TO SHOW CAUSE**

AT A SESSION of said Court, held in the
Federal Building, in the City of Port Huron,
State of Michigan, on the 10th day of March, 2008.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

On November 1, 2007, this Court issued an Opinion and Order to Show Cause (hereinafter, the "November Order to Show Cause"), wherein the Court:

(1)    concluded the instant case was a companion case to Case Nos. 07-10869 and 07-11078 (the "Subject Cases");

(2)    held Plaintiffs should have identified the Subject Cases as possible companion cases at the time this case was filed, as required by E.D. Mich. L.R. 83.11(b)(7)(B); and

    (3)    stated that

> the Court now ORDERS Plaintiffs to SHOW CAUSE why sanctions should not be imposed against Plaintiffs for failure to comply with E.D. Mich. L.R. 83.11(b)(7)(B) when they filed this case. The Court further ORDERS Plaintiffs to file their response to this ORDER TO SHOW CAUSE on or before November 14, 2007.

On November 13, 2007, Plaintiffs filed a "Notice of Intent to Comply with Court's Order" (the "Notice"). On December 17, 2007, Plaintiffs filed a "Response to Order to Show Cause" (the "Response"). On January 4, 2008, Defendants filed a "Response to Plaintiffs' Response to Order to Show Cause," and asked that "sanctions . . . be imposed on plaintiffs and on their counsel." The Court finds that the facts and legal arguments pertinent to addressing the November Order to Show Cause are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. L. R. 7.1(e)(2), it is hereby ORDERED that the matter be resolved on the parties' filings, without this Court entertaining oral arguments.

## II. BACKGROUND

On June 11, 2007, Plaintiffs filed the instant action, which stems from alleged wrongdoing by Defendants in conducting an investigation of possible violations of the Federal Election Campaign Act ("Campaign Act") by one or more of the Plaintiffs (and others). On August 1, 2007, Defendants filed a "Notice Regarding Related Matters." In the Notice Regarding Related Matters, Defendants claimed that this case, four cases assigned to Judge Rosen (Misc. Case Nos. 05x71710, 05x71994, 05x74527 and 06x50057), and one case assigned to Judge O'Meara (Case No. 07-12976) "are related to each other and to *Hnat v. Helland, et al,* Case No. 5:07-CV-10869 (Rosen, J.), and *Baulch v. Helland, et al.*, Case No. 2:07-CV-11078 (Rosen, J.)."

2

Defendants did not specify why they believed the six cases were related or what action they wanted this Court to take, and Plaintiffs did not file a response to the Notice Regarding Related Matters. Based on other cases that have been brought in the Eastern District of Michigan, however, this Court was aware that there have been a number of cases filed by one or more of the Plaintiffs against one or more of the Defendants. The Court was also aware that each of those cases arose out of alleged improprieties by government officials (including some of the named Defendants in this case) in conducting investigations into possible Campaign Act violations by one or more of the Plaintiffs. On August 14, 2007, Plaintiffs voluntarily dismissed the instant action pursuant to Fed.R.Civ.P. 41(a)(1).

Based on the foregoing facts, the Court issued an Order on August 23, 2007 (the "August Order"), wherein the Court ordered Plaintiffs to show cause why the instant case was not a companion case to the Subject Cases and specifically afforded Defendants an opportunity to reply. Plaintiffs filed a timely response to the August Order. Defendants filed a timely reply to Plaintiffs' response, wherein Defendants "suggested that monetary sanctions would be in order."

As the Court noted in the November Order to Show Cause, Plaintiffs presented little argument as to why the instant case was or was not a companion case to the Subject Cases, apparently believing that the issue was moot because Plaintiffs had voluntarily dismissed the case. Plaintiffs' limited argument of conclusory statements posited the belief that (1) the instant case did not involve evidence similar to that in the Subject Cases, and (2) the matters alleged in the instant case did not arise out of the same transaction or occurrence as the Subject Cases. On the basis of the allegations set forth in all of the relevant cases, the Court held that the Subject Cases were companion cases to the instant case. The reasons for the Court's conclusion are set forth in the

November Order to Show Cause.

At the time the November Order to Show Cause was issued by the Court, the only matter requiring consideration was whether sanctions should be imposed on Plaintiffs for failure to comply with E.D. Mich. L.R. 83.11(b)(7)(B). Based on Plaintiffs' actions (or inactions, as the case may be) subsequent to the issuance of the November Order to Show Cause, however, the Court is compelled to address a new matter first.

### III. ANALYSIS

Pursuant to E.D. Mich. L.R. 83.22(d),

> a judicial officer may impose discipline, except suspension or disbarment from this court, on any attorney who engages in conduct violating the Rules of Professional conduct, these rules, the Federal Rules of Civil Procedure, or orders of the court; or engages in other conduct unbecoming of a member of the bar of this court. Prior to the imposition of discipline, the attorney shall be afforded an opportunity to show good cause, within such time as the court shall prescribe, why the discipline should not be imposed. Upon the attorney's response, and after a hearing, if requested and allowed by the judicial officer, or upon the expiration of the time prescribed for a response if no response is made, the court shall enter an appropriate order. The provisions of this rule do not preclude contempt proceedings including those pursuant to 18 U.S.C. § 401 and 402 and Fed.R.Crim.P. 42 or proceedings under 28 U.S.C. § 1927 and Fed.R.Civ.P. 11.

Pursuant to 18 U.S.C. §401, a federal court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its . . . process, order, rule, decree, or command." In interpreting 18 U.S.C. §401, the Sixth Circuit has stated that:

> As the same conduct may give rise to both civil and criminal contempt judgments, a reviewing court must look to the substance of

4

> the proceeding and the form of relief granted to determine whether a particular contempt order is civil or criminal in nature.
>
> The distinction between civil and criminal contempt lies in the purpose of the court's mandate. Civil contempt sanctions are designed to enforce compliance with court orders and to compensate injured parties for losses sustained. Criminal sanctions, on the other hand, are imposed to vindicate the authority of the court by punishing past acts of disobedience. . . . Accordingly, a fine that is payable to "the complainant as compensation for damages caused by the contemnor's noncompliance" or that is contingent upon "performing the act required by the court's order" is civil in nature, while an unconditionally payable fine is criminal.

*Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994) (citations omitted).

**A.  Notice of Intent to Comply with Court's Order**

Notwithstanding the serious nature of the November Order to Show Cause, Plaintiffs inexplicably failed to timely respond to the order of the Court to show why sanctions should not be imposed for failure to comply with E.D. Mich. L.R. 83.11(b)(7). Instead, Plaintiffs filed only the Notice within the time frame prescribed by the Court in the November Order to Show Cause. In the Notice, Plaintiffs "notified" the Court that Plaintiffs were concurrently filing a Notice of Appeal with the Sixth Circuit Court of Appeals. Based on the Court's understanding, the purpose of the appeal was to contest this Court's jurisdiction to issue the show cause in the August Order and the November Order to Show Cause. The Notice did not specify any authority to support Plaintiffs' challenge to this Court's jurisdiction.

More significantly, when filing the Notice, Plaintiffs did not explain why sanctions should not be imposed, nor did Plaintiffs ask for an extension of time within which to file a response to the November Order to Show Cause. Rather, in an apparent attempt to reverse the roles of the players in this case, the Plaintiffs told the Court when the Court could expect a response to the November

5

Order to Show Cause. That is, rather than respond to the Court within the time **ordered by the Court**, Plaintiffs let the Court know that they would file a response "upon completion of their appeal to the circuit court of appeals." Plaintiffs did not cite any authority in support of their apparent belief that they could dictate to the Court when they would respond to a court order.

Ironically, the Sixth Circuit's response to Plaintiffs' appeal was to issue Plaintiffs an order to show cause why their appeal should not be dismissed for lack of jurisdiction, as the August Order and the November Order to Show Cause were not final or appealable orders. Rather than file a response, Plaintiffs filed a motion to dismiss the appeal on December 10, 2007. On December 18, 2007, the Sixth Circuit granted the Plaintiffs' motion to dismiss their appeal.

**B.      Untimely Response - New Order to Show Cause**

On December 17, 2007, thirty-three days **after** the deadline imposed by the Court for Plaintiffs to file an answer to the November Order to Show Cause, Plaintiffs filed the Response.[1] The Court therefore finds that the Response was not timely filed. Plaintiffs' election to not file the Response by November 14, 2007, as directed by the Court pursuant to a written order, in itself constitutes a failure to comply with a direct order of the Court, for which Plaintiffs may be sanctioned, *see* E.D. Mich. L.R. 83.22(d)*, supra,* and/or held in contempt of court. *See* 18 U.S.C. §401, *supra*; *Downey*, 30 F.3d at 685.

In cases where an attorney fails to comply with a direct order of the Court, this Court believes it is appropriate and necessary to ascertain why such failure occurred and impose such

---

[1] As is clear from the Response, but for the Sixth Circuit essentially denying Plaintiffs' appeal, Plaintiffs still would not have responded to the November Order to Show Cause. *See* Response, p. 1, where Plaintiffs state: "In light of their motion to dismiss their appeal, Plaintiffs **now** file their Response to this Court's Order to Show Cause dated November 2, 2007" (emphasis added).

6

sanctions and discipline, if any, which will serve the interests of justice. As Michael Deszi ("Mr. Deszi"), Plaintiffs' attorney in this action, failed to comply with the order of this Court to file a response to the November Order to Show Cause on or before November 14, 2007, the Court now

1. ORDERS MR. DESZI TO SHOW CAUSE, in writing, why sanctions should not be imposed on him and/or why he should not be tried for contempt of court for failing to comply with the Court's direct order to file a response to the November Order to Show Cause on or before November 14, 2007; and

2. ORDERS Mr. Deszi to file his response to the ORDER TO SHOW CAUSE on or before March 28, 2008; and

3. PUTS MR. DESZI ON NOTICE that his failure to comply with the foregoing ORDER TO SHOW CAUSE shall result in the imposition of additional monetary sanctions and a reference of this matter to the Chief Judge for the Eastern District of Michigan, the Michigan Attorney Grievance Commission and any other disciplinary authority that has jurisdiction over the attorney, as provided for pursuant to E.D. Mich. L.R. 83.22(c).

**C.** **Sanctions are Warranted for Failure to Comply with E.D. Mich. L.R. 83.11(b)(7)**

Notwithstanding the tardiness of the Response and the foregoing ORDER TO SHOW CAUSE, however, the Court considers the basis for the November Order to Show Cause (*i.e.*, whether Plaintiffs should be sanctioned for failure to comply with E.D. Mich. L.R. 83.11(b)(7)) a very serious matter as it pertains to the Court, the Plaintiffs and Mr. Deszi. Accordingly, in evaluating what sanctions, if any, to impose for failing to identify the Subject Cases as companion cases, the Court shall consider the substance of the Response in determining whether Plaintiffs should be sanctioned for failure to comply with E.D. Mich. L.R. 83.11(b)(7).

In the Response, the primary thrust of Plaintiffs' argument is that the Court erred in determining that the Subject Cases were companion cases to the instant case. In fact, the first three substantive pages of the Response are dedicated exclusively to challenging the Court's conclusion that the Subject Cases were companion cases to the instant case. To the extent that Plaintiffs are

7

attempting to persuade the Court that the Subject Cases are not companion cases to the instant case, those arguments are untimely. The Court gave Plaintiffs an opportunity to address that issue when the Court rendered the August Order. In fact, in the August Order, the Court ordered Plaintiffs to do so. Plaintiffs' response to the August Order was limited and conclusory, and they did not attempt to explain why the instant case and the Subject Cases did not (a) involve substantially similar evidence, (b) involve the same or related parties, or (c) arise out of the same transaction or occurrence.

In the November Order to Show Cause, the Court analyzed the allegations in the relevant cases and the language of E.D. Mich. L.R. 83(b)(7) before concluding that the instant case and the Subject Cases were companion cases. Any request for reconsideration of the Court's conclusions was due within 10 days of the Plaintiffs' receipt of the November Order to Show Cause. Plaintiffs did not file any such request with this Court. Accordingly, Plaintiffs waived, and the Court shall not consider, any argument that the Subject Cases did not need to be identified as possible companion cases when Plaintiffs filed the instant case.

In reviewing the entire Response, however, the Court finds that it is *possible* to read some of Plaintiffs' arguments as reasons why the Court should not impose sanctions on Plaintiffs. In other words, it is possible to read the arguments as support for Plaintiffs' alternative argument that Mr. Deszi was acting in good faith when he failed to identify the Subject Cases as companion cases when filing the instant case, such that Plaintiffs should not be sanctioned for that failure. Specifically, Plaintiffs state that they should not be sanctioned for failure to identify the Subject Cases as companion cases "based on a mistake of judgment in completing the civil cover sheet." Accordingly, the Court shall consider the Response in that light.

8

In support of Plaintiffs' position, Mr. Deszi states that he:

> has filed many cases in federal court[,] some of which counsel believed were companion cases. In those instances, the undersigned counsel checked the appropriate box on the civil cover sheet of those cases. . . . The undersigned counsel presents this information to demonstrate his awareness of the rules and his good faith and sincere belief that the instant case was not a companion case to the subject cases.

Mr. Deszi attached to the Response several Civil Cover Sheets from cases he has filed in the Eastern District of Michigan, all of which involve at least one plaintiff who is a Plaintiff in this case. Mr. Deszi also attaches two affidavits in support of his position. The first is from Paul Broschay, an attorney within Mr. Deszi's law firm, Fieger, Fieger, Kenney & Johnson, P.C. (the "Law Firm"). The Law Firm, of course, is one of the Plaintiffs in this lawsuit. The affidavit of Mr. Broschay indicates that he (a) discussed this matter with Mr. Deszi before Mr. Deszi filed the instant case, and (b) told Mr. Deszi that he also believed that the Subject Cases were not companion cases.

The second affidavit is from a Michigan attorney, David Cooper, who has served as co-counsel with Mr. Deszi. Mr. Cooper represents that Mr. Deszi has maintained "a sense of professionalism toward both the bench and bar . . . [and] he gives thought to the rules of the courts before acting[.]" In closing, Mr. Deszi states that he "acted in good faith with the sincere and honest belief that the instant case was not a companion case to any other cases pending before this Court."

The arguments of Mr. Deszi and the affidavits and Civil Cover Sheets submitted with the Response do not persuade the Court that sanctions should not be imposed for Plaintiffs' failure to identify the Subject Cases as possible companion cases when filing the instant case. First, whether cases are companion cases is a decision to be made by the applicable judges of the Eastern District of Michigan, not the attorney(s) filing the case. As set forth in E.D. Mich. L.R. 83.11(b)(7)(A) and

9

on the Civil Cover Sheet, "Companion cases are matters in which it **appears** substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence" (emphasis added). Thus, a filing attorney is responsible for notifying the Court on the Civil Cover Sheet if there any other cases where it even *appears* that there are any cases that might be related.

In this case, for the reasons stated in the November Order to Show Cause, the Court finds that an attorney could not conclude, either reasonably or in good faith, that it does not appear that (1) substantially similar evidence would be offered in the instant case and the Subject Cases, or (2) the same or related parties are present and the cases arise out of the same transaction or occurrence. Moreover, even if it was debatable whether they were companion cases, that is an issue for the applicable judges of the Eastern District to assess, not for the attorney filing the case to determine.

Second, Mr. Deszi is intimately familiar with all of the facts surrounding the Government's investigation of the Law Firm and one of the other Plaintiffs, Geoffrey Fieger ("Mr. Fieger"), in connection with the alleged Campaign Act violations. Mr. Deszi is employed by the Law Firm. Mr. Deszi has represented the Law Firm and Mr. Fieger in several civil and criminal matters related to the Government's Campaign Act investigation of the Law Firm and Mr. Fieger. Mr. Deszi also currently represents Mr. Fieger in connection with the criminal indictment that has been filed against Mr. Fieger in conjunction with the alleged Campaign Act violations. Mr. Deszi therefore knows that the Government's investigation of the alleged violations of the Campaign Act is the key transaction or occurrence out of which this case and the Subject Cases (as well as the criminal indictment filed against Mr. Fieger) arose.

The Court finds it implausible that Mr. Deszi could have, in good faith, determined that there

was not a relationship between the Government's investigation of the Law Firm, Mr. Fieger and others *vis a vis* the alleged Campaign Act violations and the claims in the instant case. The claims in the instant case are that the Defendants violated the Right to Financial Privacy Act in conducting the Government's investigation of the alleged Campaign Act violations. Contrary to Plaintiffs' suggestion, such claims are not "attenuated" from the Campaign Act investigation. Rather, such claims challenge the very actions Defendants engaged in when carrying out their investigation of the alleged Campaign Act violations and involve substantially similar evidence.

Third, as demonstrated, in part, by the Civil Cover Sheets filed as Exhibit A to the Response, Mr. Deszi has filed numerous actions in the Eastern District of Michigan on behalf of Mr. Fieger, the Law Firm and the other two named Plaintiffs in this case. He also has filed suit on behalf of others employed by the Law Firm. Most of those lawsuits have been related to the alleged Campaign Act violations. In a light most favorable to Mr. Deszi, such Civil Cover Sheets demonstrate that Mr. Deszi has complied with E.D. Mich. L.R. 83.11(b)(7) on some occasions. The Government argues, however, and the Court finds it more reasonable to conclude, that Mr. Deszi's demonstrated capacity to comply with E.D. Mich. L.R. 83.11(b)(7) only serves to undermine his argument that he exercised good faith in failing to disclose the Subject Cases as possible companion cases when filing the instant case.

The Court reaches this conclusion because it is objectively obvious that the instant case and the Subject Cases (1) involve either the same or substantially similar evidence, and/or (2) involve two of the same Plaintiffs (both of whom work for the other two Plaintiffs), focus on actions of the three Defendants named in all three lawsuits, and arise out of the Government's investigation of alleged Campaign Act violations by Mr. Fieger and the Law Firm (and others), which investigation

11

was spearheaded by the three Defendants named in all three lawsuits. Mr. Deszi's demonstrated capacity to comply with E.D. Mich. L.R. 83.11(b)(7) suggests that he understood and ignored his obligation to comply with E.D. Mich. L.R. 83.11(b)(7) in this case.

Fourth, the Court finds the affidavit submitted by Mr. Broschay to be of no value. Although Mr. Broschay apparently reached the same erroneous conclusion as Mr.Deszi about the obligation to notify the Court about related cases, such concurrence does not make the conclusion any more reasonable. Moreover, Mr. Broschay is clearly an interested party in this matter, as he is an employee of the Law Firm. Mr. Broschay's obvious conflict of interest persuades the Court that neither Mr. Broschay's conclusion, nor Mr. Deszi's apparent reliance on Mr. Broschay's conclusion, demonstrate that the failure to identify the Subject Cases as possible companion cases was an exercise in good faith.[2]

Accordingly, for the reasons set forth above, the Court concludes that Plaintiffs' failure to comply with E.D. Mich. L.R. 83.11(b)(7) necessitates the imposition of sanctions, which sanctions shall be paid to Defendants for damages caused by Plaintiffs' noncompliance.

**D.    The Persons Subject to Sanctions**

Mr. Deszi argues that if anyone is to be sanctioned for the failure to comply with E.D. Mich.

---

[2] The Court also has reviewed and considered the affidavit of Mr. Cooper but concludes that it does not shed much light on the matter before the Court. Just as Exhibit A demonstrates that Mr. Deszi has filed cases in the Eastern District and has listed possible companion cases on some of the Civil Cover Sheets contained therein, Mr. Cooper's affidavit is relevant only to show that Mr. Deszi has the capacity to comply with the rules of the Court, and that he has done so to the best of Mr. Cooper's knowledge. The affidavit of Mr. Cooper does not, however, offer any perspective or knowledge *vis a vis* the failure of Mr. Deszi to list the Subject Cases as possible companion cases when filing the instant case, as E.D. Mich. L.R. 83.11(b)(7) requires.

L.R. 83.11(b)(7), it should be him because it is his duty to complete the Civil Cover Sheet. For the reasons stated above, the Court agrees that Mr. Deszi, as the attorney completing the Civil Cover Sheet, is subject to sanctions for the failure to comply with E.D. Mich. L.R. 83.11(b)(7). The Court also agrees with Mr. Deszi that sanctions against Steven Hnat and Terrance Baulch would be inappropriate in this case. Mr. Hnat and Mr. Baulch are not lawyers and have no knowledge or experience about "companion cases" or the requirements of E.D. Mich. L.R. 83.11(b)(7).

The Court now turns to whether the imposition of sanctions against the Law Firm or Mr. Fieger is warranted. In most cases, the Court likely would not examine whether sanctions should be imposed on any person beyond the filing attorney, even where one or more of the plaintiffs is an attorney or law firm. In this matter, however, Mr. Deszi is intimately and intricately involved with Mr. Fieger and the Law Firm, as he is employed by the Law Firm and represents Mr. Fieger in many matters, both civil and criminal. On that basis alone, the Court would be naive to ignore the relationship between Mr. Deszi and those Plaintiffs. As explained below, there are additional reasons for the Court to explore whether the relationship of Mr. Deszi to the Law Firm and Mr. Fieger warrants the imposition of sanctions against them as well.

The Response does not address the possible culpability of the Law Firm, but Fed.R.Civ.P. 11(c)(1)(A) provides, in part:

> . . . Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Although the November Order to Show Cause did not mention a violation of Fed.R.Civ.P. 11(b), nor has the Court found a violation of such rule herein, the Court concludes that the language and rule set forth in Fed.R.Civ.P. 11(c)(1)(A) is instructive in assessing the instant matter. As the

employer of Mr. Deszi, a relatively inexperienced practitioner,[3] the Law Firm had a duty to ensure that Mr. Deszi's actions comported with the rules of this Court. Therefore, the Court finds no "exceptional circumstances" that excuse the Law Firm from responsibility for Mr. Deszi's actions. Accordingly, the Court concludes that the Law Firm is accountable for Mr. Deszi's violation of E.D. Mich. L.R. 83.11(b)(7).

As to Mr. Fieger, Mr. Deszi states in the Response:

> The third Plaintiff, Geoffrey Fieger, while he is an attorney, was a named Plaintiff in this action and did not participate, oversee, or direct the undersigned counsel in filing of the complaint and civil cover sheet.

Although that representation may be accurate, the Court has reason to be skeptical of its veracity. First, Mr. Fieger has a history of failing to comply with the Eastern District of Michigan's court rules regarding companion cases. *See* Case No. 96-X-74698 (Memorandum Opinion and Order, January 27, 1997). In fact, unlike Mr. Deszi, Mr. Fieger flouted the requirement of listing possible companion cases for the express purpose of having a case heard by the judge he desired (Mr. Fieger subsequently apologized for his judge-shopping activity and represented that he would conduct himself in accordance with the letter and spirit of the rules in the future). As a result of his misconduct at that time, Mr. Fieger was sanctioned $7,500 by a three-judge panel of the Eastern District of Michigan and, pursuant to E.D. Mich. L.R. 111.1(e), a copy of the Memorandum Opinion and Order was forwarded to the Michigan Attorney Grievance Commission.

---

[3]Mr. Deszi began practicing law for the Law Firm in March 2006, approximately 15 months before this case commenced. In the period prior to his employment by the Law Firm, Mr. Deszi worked as a judicial clerk to two magistrate judges in the Eastern District of Michigan and briefly as a judicial clerk to a judge on the Sixth Circuit Court of Appeals. Accordingly, prior to March 2006, Mr. Deszi had not engaged in the active practice of law.

Second, as noted above, Mr. Deszi has been intimately involved in the representation of Mr. Fieger on many legal matters. Such legal matters include many civil cases, miscellaneous matters related to grand jury proceedings and the eventual criminal indictment filed against Mr. Fieger, all of which have arisen in conjunction with the Government's investigation into alleged Campaign Act violations by Mr. Fieger and others. Third, based on the sheer volume of cases to which Mr. Fieger has been a voluntary (and even the moving) party in the Eastern District of Michigan alone, it would be reasonable to query Mr. Fieger's role in filing the instant action, including the manner in which it was filed. For the foregoing reasons, the Court concludes that additional evidence regarding the roles of Mr. Deszi and Mr. Fieger in filing the instant action is necessary.

**E.    Conclusion**

For the reasons set forth above, the Court:

(1)    holds that Mr. Deszi violated E.D. Mich. L.R. 83.11(b)(7), and the imposition of monetary sanctions against Mr. Deszi for such conduct is necessary and appropriate;

(2)    holds that Terrance Baulch and Stephen Hnat are not responsible, and shall not be subject to sanctions, for the violation of E.D. Mich. L.R. 83.11(b)(7);

(3)    holds the Law Firm accountable for the violation of E.D. Mich. L.R. 83.11(b)(7) and orders that the Law Firm share jointly in the payment of the monetary sanctions to be imposed in this matter; and

(4)    ORDERS EACH OF MR. DESZI and MR. FIEGER TO SUBMIT AN AFFIDAVIT ON BEHALF OF HIMSELF, wherein he shall describe his role (and, to the best of his knowledge, the role of any other involved persons) in conjunction with the decision to file the instant action and the manner of filing the instant case (including the failure to identify the Subject Cases as possible companion cases). The affidavits of Mr. Deszi and Mr. Fieger shall be filed with the Court no later than March 24, 2008.

Finally, the Court ORDERS Defendants to supply the Court with the amount of sanctions

it is seeking for the time, expenses and costs Defendants have incurred in conjunction with Plaintiffs' violation of E.D. Mich. L.R. 83.11(b)(7). Defendants' submission shall include a detailed account of time expended, each attorney or paralegal who expended his or her time on this matter, the legal experience of each such attorney or paralegal and a list of the expenses and costs incurred. Defendants shall submit such documentation to the Court on or before March 31, 2008. To the extent that Plaintiffs or Mr. Deszi contest any portion of the Defendants' submission, Plaintiffs and/or Mr. Deszi shall respond to Defendants' submission on or before April 11, 2008.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, with respect to the failure of Plaintiffs to comply with E.D. Mich. L.R. 83.11(b)(7), the Court (1) shall impose sanctions against Mr. Deszi and the Law Firm, (2) shall not impose sanctions against Terrance Baulch or Stephen Hnat, and (3) ORDERS MR. DESZI and MR. FIEGER TO SUBMIT AFFIDAVITS in compliance with the directives set forth in Section III.E. above.

In addition, the Court ORDERS Defendants to submit documentation of the amount of sanctions it is seeking for the time, expenses and costs Defendants' have incurred in conjunction with Plaintiffs' violation of E.D. Mich. L.R. 83.11(b)(7). Defendants shall make such submission in compliance with the directives set forth in Section III.E. above.

Finally, for the reasons set forth in Sections III.A. and III.B. above, the Court:

1. ORDERS MR. DESZI TO SHOW CAUSE, in writing, why sanctions should not be imposed on him and/or why he should not be held in contempt of court for failing to comply with the Court's direct order to file a response to the November Order to Show Cause on or before

16

November 14, 2007; and

2. ORDERS Mr. Deszi to file his response to the ORDER TO SHOW CAUSE on or before March 28, 2008; and

3. PUTS MR. DESZI ON NOTICE that his failure to comply with the foregoing ORDER TO SHOW CAUSE shall result in the imposition of additional monetary sanctions and a reference of this matter to the Chief Judge for the Eastern District of Michigan, the Michigan Attorney Grievance Commission and any other disciplinary authority that has jurisdiction over the attorney, as provided for pursuant to E.D. Mich. L.R. 83.22(c).

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 10, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290